416 F.Supp.2d 1349 (2006)
In re PEANUT CROP INSURANCE LITIGATION
Texas Peanut Farmers, et al.
v.
U.S.A., United States Court Of Federal Claims, C.A. No. 1:03-445
No. 1634.
Judicial Panel on Multidistrict Litigation.
February 13, 2006.
*1350 Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

ORDER DENYING TRANSFER
WM. TERRELL HODGES, Chairman.
Before the Panel is a motion brought, pursuant to 28 U.S.C. § 1407, by plaintiffs in a United States Court of Federal Claims action (TPF). Movants ask the Panel to transfer TPF to the Eastern District of North Carolina for inclusion in the MDL-1634 proceedings centralized there before Judge Malcolm J. Howard. The Court of Claims is currently under an appellate mandate to transfer the claims of TPF's constituent plaintiffs to the federal districts (apparently as many as fourteen) where the various TPF plaintiffs should, under the relevant jurisdictional statute, have brought their claims. Entry of a Court of Claims order enforcing this mandate would create new actions pending in federal district courts. This presumably accounts for the TPF plaintiffs' alternative request to "issue as many as 14 separate orders transferring the cases to the transferee district . . .," even though at this point in time there are no such cases yet pending in district courts that could be subject to Section 1407 transfer by the Panel for inclusion in the MDL-1634 pretrial proceedings. Defendant United States of America opposes both of the plaintiffs' requests.
On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 transfer of TPF to the Eastern District of North Carolina is inappropriate at this time. Given the unique circumstances under which this matter has come before the Panel, we are persuaded that denial of transfer is appropriate in order to permit the Court of Claims to implement the existing mandate of the appellate court. If implementation of the mandate results, as contemplated, in the creation of new civil actions which share questions with previously centralized MDL-1634 actions and which are pending in federal district courts other than the Eastern District of North Carolina transferee district, then procedures are available whereby the Panel can initiate the process of Section 1407 transfer without further delay. See Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).
IT IS THEREFORE ORDERED that the motion for Section 1407 transfer of this action is denied.